# A. Settlement Statement

U.S. Department of Housing and Urban Development

OMB No. 25__-____

## B. Type of Loan

1. ☐ FHA  2. ☐ FmHA  3. ☒ Conv. Unins.  4. ☐ VA  5. ☐ Conv. Ins.

6. File Number: _____
7. Loan Number:
8. Mortgage Insurance Case Number:

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals.

D. Name and Address of Borrower:
First American Exchange Corporation,
as Intermediary for
John L. Albriton and
Lynda Walsh Albriton
5145 Canton Heights Drive
Jackson, MS 39211

E. Name and Address of Seller:
Van Buren Group, LLC
Unit 203, The Van Buren
Oxford, MS

F. Name and Address of Lender:

G. Property Location:
Unit 303 in the Plan of Condominium of The Van Buren, Lafayette County, Oxford, MS

H. Settlement Agent:
Taylor, Covington & Smith, P.A.

Place of Settlement:
315 Tombigbee Street
Jackson, MS 39201

I. Settlement Date: 02/26/03

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 250,418.20 | 401. Contract sales price | 250,418.20 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes    to | | 406. City/town taxes    to | |
| 107. County taxes    to | | 407. County taxes    to | |
| 108. Assessments    to | | 408. Assessments    to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 250,418.20 | **420. GROSS AMOUNT DUE TO SELLER** | 250,418.20 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT TO SELLER** | |
| 201. Deposit or earnest money | 24,198.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes    to | | 510. City/town taxes    to | |
| 211. County taxes    to | | 511. County taxes    to | |
| 212. Assessments    to | | 512. Assessments    to | |
| 213. Store Credit | 13,438.20 | 513. Store Credit | 13,438.20 |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY / FOR BORROWER** | 37,636.20 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 13,438.20 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 250,418.20 | 601. Gross amount due to seller (line 420) | 250,418.20 |
| 302. Less amounts paid by/for borrower (line 220) | 37,636.20 | 602. Less reduction amount due to seller (line 520) | 13,438.20 |
| 303. CASH    FROM    BORROWER | 212,782.00 | 603. CASH    TO    SELLER | 236,980.00 |



EXHIBIT "M"

File Number: T50362

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
SETTLEMENT STATEMENT
PAGE 2

| L. SETTLEMENT CHARGES: | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $    @    = | | | | |
| Division of commission (line 700) as follows: | | | | |
| 701. $ | to | | | |
| 702. $ | to | | | |
| 703. Commission paid at Settlement | | | | |
| 704. | | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | P.O.C. | | |
| 801. Loan Origination Fee | % | | | |
| 802. Loan Discount | % | | | |
| 803. Appraisal Fee | to | | | |
| 804. Credit Report | to | | | |
| 805. Lender's Inspection Fee | to | | | |
| 806. Mtg. Ins. App. Fee | to | | | |
| 807. Assumption Fee | to | | | |
| 808. Underwriting Fee | | | | |
| 809. Document Preparation Fee | | | | |
| 810. Tax Service Fee | | | | |
| 811. Life of Loan Flood Cert | | | | |
| 812. | | | | |
| 813. | | | | |
| 814. | | | | |
| 815. | | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | |
| 901. Interest from    to    @$ | | /day | | |
| 902. Mortgage Ins. Prem. | to | | | |
| 903. Hazard Ins. Prem. | yrs. to | | | |
| 904. | | | | |
| 905. | | | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | | |
| 1001. Hazard Insurance | mo. @$ | / mo. | | |
| 1002. Mortgage Insurance Premium | mo. @$ | / mo. | | |
| 1003. City Property Taxes | mo. @$ | / mo. | | |
| 1004. County Property Taxes | mo. @$ | / mo. | | |
| 1005. Annual Assessments | mo. @$ | / mo. | | |
| 1006. | mo. @$ | / mo. | | |
| 1007. | mo. @$ | / mo. | | |
| 1008. Aggregate Reserve for Hazard/Flood Ins, City/County Prop Taxes, Mortgage Ins & Annual Assessments | | | | |
| 1100. TITLE CHARGES | | | | |
| 1101. Settlement or closing fee | to | | | |
| 1102. Abstract or title search | to | | | |
| 1103. Title examination | to | | | |
| 1104. Title insurance binder | to | | | |
| 1105. Document Prep Fee | to | | | |
| 1106. Notary fees | to | | | |
| 1107. Attorney's fees | to | | | |
| (includes above item No: | | ) | | |
| 1108. Title insurance | to | | | |
| (includes above item No: | | ) | | |
| 1109. Lender's coverage | | | | |
| 1110. Owner's coverage | | | | |
| 1111. | | | | |
| 1112. | | | | |
| 1113. | | | | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | |
| 1201. Recording fees    Deed $    ; Mortgage $    ; Releases $ | | | | |
| 1202. City/county/stamps    Deed $    ; Mortgage $ | | | | |
| 1203. State tax/stamps    Deed $    ; Mortgage $ | | | | |
| 1204. | | | | |
| 1205. | | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | | |
| 1301. Survey | to | | | |
| 1302. Pest inspection | to | | | |
| 1303. | | | | |
| 1304. | | | | |
| 1305. | | | | |
| 1306. | | | | |
| 1307. | | | | |
| 1308. | | | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103 and 502, Sections J and K) | | | | |

# ADDENDUM TO HUD-1
## SETTLEMENT STATEMENT

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Seller:

Van Buren Group, LLC

_H. Claiborne Frazier_
By: H. Claiborne Frazier, Manager

Purchaser:

First American Exchange Corporation,
as Intermediary for

_John Albriton, III_

_Lynn H. Albriton_
Lynn Albriton

Dated: February 26, 2003

Dated: February 26, 2003

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Taylor, Covington & Smith, P.A.

By: _____, Settlement Agent            Dated: February 26, 2003

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

LAFAYETTE COUNTY 43102
I, SHERRY J. WALL, Chancery Clerk of Lafayette County in said State hereby certify that the within instrument was filed for record at 9:30 o'clock A.M on the 23 day of Feb, 2004 and duly recorded in book 522 on page 207. Given under my hand and seal of office, this 23 day of Feb, A.D., 2004
SHERRY J. WALL, Chancery Clerk
By _____ D.C.

Return to: BLC
Watkins & Eager PLLC
P.O. Box 650
Jackson, MS 39205-0650

# WARRANTY DEED

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, the undersigned VAN BUREN GROUP, LLC, a Mississippi limited liability company, does hereby sell, convey and warrant unto JOHN W. LEE, JR., the following described land and property lying and being situated in the City of Oxford, Lafayette County, State of Mississippi, more particularly described as follows, to-wit:

> Units 305 & 306, in the Plan of Condominium of The Van Buren, a condominium as same is created, established and dedicated in a certain Plan of Condominium and Declaration of Covenants, Conditions, and Restrictions of record in the office of the Chancery Clerk of Lafayette County in Oxford, Mississippi, in Book 514 at Page 614, as supplemented by Supplement to The Plan of Condominium and Declaration of Covenants Conditions and Restrictions for The Van Buren recorded in Book 518 at Page 105, together with the an undivided 2/30ths interest in and to the Common Area of the Van Buren appurtenant to said unit, as such interest is defined in said Plan of Condominium and Declaration of Covenants, Conditions, and Restrictions.

IT IS AGREED AND UNDERSTOOD that taxes for the current year have been prorated as of this date on an estimated basis, and when said taxes are actually determined, if the proration as of this date is incorrect, then the Grantor and the Grantee, or his assigns, agree to re-prorate the taxes on exact taxes due for the current year and any deficit or overage shall be paid to the proper party.

THIS CONVEYANCE and the warranty herein contained are subject to:

1. Any prior reservations or conveyances of all oil, gas and other minerals in, on or under the above described property of record, if any;

2. Electrical and gas lines on or adjacent to the west boundary running along 14th Street as shown on survey of Eubank & Moore Engineers, Inc., dated March, 28, 2001 as revised August 30, 2001.

1


EXHIBIT "N"

00099

3. The terms, conditions, restrictions, privileges, easements and obligations, including the right to create assessments, as contained in that certain Plan of Condominium and Declaration of Covenants, Conditions and Restrictions for The Van Buren, executed by Van Buren Group, LLC, on file and of record in the office of the Chancery Clerk of Lafayette County, Mississippi in Book 514 at Page 614, as supplemented by Supplement to The Plan of Condominium and Declaration of Covenants Conditions and Restrictions for The Van Buren recorded in Book 518 at Page 105.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed by its duly authorized officer/representative on this the 19th day of February, 2004.

VAN BUREN GROUP, LLC, a Mississippi
Limited Liability Company

BY: *H. Claiborne Frazier*
H. Claiborne Frazier, Manager

STATE OF MISSISSIPPI

COUNTY OF HINDS

PERSONALLY appeared before me, the undersigned authority in and for the said county and state, on this the 19th day of February, 2004, within my jurisdiction, the within named H. Claiborne Frazier, who acknowledged that he is the Manager of Van Buren Group, LLC, a Mississippi manager-managed limited liability company and that for and on behalf of said company, and as its act and deed, he executed the foregoing instrument of writing after first having been duly authorized by said company so to do.

*Sedra Allison*
Notary Public

Notary Public State of Mississippi
At Large
My Commission Expires
February 2, 2007
BONDED THRU
HEIDEN, BROOKS & GARLAND, INC.

2

00100

Address & Phone of Grantor:

5247 Greenway Drive
Jackson, MS 39204
Home Phone: n/a
Business Phone: 601-███████

Address and Phone of Grantee:

P.O. Box 1470
Hattiesburg, MS 39403
Home Phone: ███████
Business Phone: n/a

Indexing Instructions:

Units 305 & 306 of The Van Buren
City of Oxford, Lafayette County, Mississippi

Prepared By:

Watkins & Eager PLLC
Post Office Box 0650
Jackson, MS 39205-0650
601/965-1800

U:\Bobby.Covington\DOC\FRAZIER\Van Buren - Oxford\UNIT CLOSINGS\Unit 305 & 306 - Lee\DEED.wpd

3

00101

Prepared By & Return to:
Watkins & Eager PLLC
P.O. Box 650
Jackson, MS 39205-0650

# WARRANTY DEED

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00), cash in hand paid; and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, the undersigned VAN BUREN GROUP, LLC, a Mississippi limited liability company, does hereby sell, convey and warrant unto JOHN W. LEE, JR., the following described land and property lying and being situated in the City of Oxford, Lafayette County, State of Mississippi, more particularly described as follows, to-wit:

> Unit 307, in the Plan of Condominium of The Van Buren, a condominium as same is created, established and dedicated in a certain Plan of Condominium and Declaration of Covenants, Conditions, and Restrictions of record in the office of the Chancery Clerk of Lafayette County in Oxford, Mississippi, in Book 514 at Page 614, as supplemented by Supplement to The Plan of Condominium and Declaration of Covenants Conditions and Restrictions for The Van Buren recorded in Book 518 at Page 105, together with the an undivided 1/30th interest in and to the Common Area of the Van Buren appurtenant to said unit, as such interest is defined in said Plan of Condominium and Declaration of Covenants, Conditions, and Restrictions.

IT IS AGREED AND UNDERSTOOD that taxes for the current year have been prorated as of this date on an estimated basis, and when said taxes are actually determined, if the proration as of this date is incorrect, then the Grantor and the Grantee, or his assigns, agree to re-prorate the taxes on exact taxes due for the current year and any deficit or overage shall be paid to the proper party.

THIS CONVEYANCE and the warranty herein contained are subject to:

1. Any prior reservations or conveyances of all oil, gas and other minerals in, on or under the above described property of record, if any;

2. Electrical and gas lines on or adjacent to the west boundary running along 14th Street as shown on survey of Eubank & Moore Engineers, Inc., dated March, 28, 2001 as revised August 30, 2001.

1

00159

3. The terms, conditions, restrictions, privileges, easements and obligations, including the right to create assessments, as contained in that certain Plan of Condominium and Declaration of Covenants, Conditions and Restrictions for The Van Buren, executed by Van Buren Group, LLC, on file and of record in the office of the Chancery Clerk of Lafayette County, Mississippi in Book 514 at Page 614, as supplemented by Supplement to The Plan of Condominium and Declaration of Covenants Conditions and Restrictions for The Van Buren recorded in Book 518 at Page 105.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed by its duly authorized officer/representative on this the 5th day of June, 2004.

VAN BUREN GROUP, LLC, a Mississippi
Limited Liability Company

BY: _H. Claiborne Frazier_
H. Claiborne Frazier, Manager

STATE OF MISSISSIPPI
COUNTY OF Hinds

PERSONALLY appeared before me, the undersigned authority in and for the said county and state, on this the 5th day of June, 2004, within my jurisdiction, the within named H. Claiborne Frazier, who acknowledged that he is the Manager of Van Buren Group, LLC, a Mississippi manager-managed limited liability company and that for and on behalf of said company, and as its act and deed, he executed the foregoing instrument of writing after first having been duly authorized by said company so to do.

_Notary Public_

My Commission Expires:
January 7, 2006

2

00160

Address & Phone of Grantor:

5247 Greenway Drive
Jackson, MS 39204
Home Phone: n/a
Business Phone: 601-███████

Address and Phone of Grantee:

P.O. Box 1470
Hattiesburg, MS 39403
Home Phone: ███████
Business Phone: n/a

Indexing Instructions:

Unit 307 of The Van Buren
City of Oxford, Lafayette County, Mississippi

Prepared By:

Watkins & Eager PLLC
Post Office Box 0650
Jackson, MS 39205-0650
601/965-1800

U:\Bobby.Covington\DOC\FRAZIER\Van Buren - Oxford\UNIT CLOSINGS\Unit 305 & 306 - Lee\Deed 307.wpd

3

00161

# THE VAN BUREN
# PURCHASE AGREEMENT

Made this _22_ day of _Oct_ _2002_, ~~2001~~ between VAN BUREN GROUP, LLC, hereinafter referred to as the "Seller", and _John W. Lee Jr._
_____ hereinafter referred to as the "Purchaser".

WHEREAS,

A.  Seller is the owner of The Van Buren, a development of condominium units and common area as defined in the Declaration on Seller's property located in the City of Oxford, Mississippi and as described in the Plan and Declaration as hereinafter defined; and

B.  The condominium documents consist of the Plan of Condominium (the "Plan") and Declaration of Covenants, Conditions and Restrictions for the Van Buren (the "Declaration"), the proposed Charter of Incorporation of the Van Buren Condominium Association (the "Association") and the proposed By-Laws of the Van Buren Condominium Association and all exhibits to each such document, all of which are hereinafter collectively referred to as the "Documents"; and

C.  The terms defined in the Declaration shall have the same meaning and intent as used herein; and

D.  Purchaser understands that the Seller is offering the sale of the Units and the appurtenances thereto pursuant to the Declaration, (the Declaration is subject to change before filing and amendment thereafter); and

E.  The Purchaser desires to purchase Unit _305/306_ in The Van Buren and the appurtenant undivided interest in the Common Areas all as stated in the Plan and Declaration.

NOW THEREFORE in consideration of the mutual promises and undertakings hereinafter set forth, the parties hereto mutually agree as follows:

1.  Seller shall sell and convey and the Purchaser shall purchase all that certain property being in the City of Oxford, Lafayette County, Mississippi, known and designated as:

(a) Unit _305/306_ in the Plan and Declaration, along with an undivided _5.53_ percentage interest in the Common Areas assigned to said Unit by the Plan Type of said Unit as provided in Section 1 (w) of the Declaration and all other appurtenances to such Unit as the same are contained and defined in the Declaration; and

(b) the exterior of the buildings and grounds will be constructed and developed as reflected in the Schedule of the Common Area and Common Elements, **Exhibit "A"**, as amended from time to time. A current copy of this Schedule is and will remain on file.

EXHIBIT "O"

00002

305/306                                          305/306

(c) ( ) the interior of this Unit will be constructed as shown on the Schedule of Unit Interiors, **Exhibit "B"**, attached hereto; or ( ✓ ) the interior of this Unit will be constructed as shown on **Exhibit "B" with the additional options selected by Purchaser as shown in the Schedule of Purchaser's Selected Options, Exhibit "C"** hereto, in which event, Purchaser shall pay Seller in cash prior to the construction or installation of such interiors all cost of such interiors selected by Purchaser in excess of the cost of the standard option as stated in Exhibit B hereto.

2.  The purchase price of the Unit is .......................... $ 399,000.00
    Payable as follows:
    (i) Earnest Money Deposit .............................. $ 79,800 *
        *( ) This amount includes $1,000 escrow deposit previously
        tendered for a Unit Reservation held by Taylor, Covington
        and Smith, P.A. *{please check if applicable}*
    (ii) Cash payment at closeout (Cashiers Check), subject
         to adjustments and prorations ......................... $ 319,200.00
    (iii) Purchaser shall obtain a new loan described below in the
          amount of                  ..................... $ 319,200.00

    _____
    _____
    _____
    _____

3.  (a) Purchaser has deposited with Taylor, Covington & Smith, P. A. the sum of $ 79,800.00 * cash/check as earnest money, which will be held by Taylor, Covington & Smith, P. A. in a non-interest bearing account. The same is to be applied to the cash down payment on closing of this transaction.

    (b) If all of the provisions of Paragraph 4 are not satisfied on or before the expiration of two years from the date hereof, the sums held by Taylor, Covington & Smith, P. A. shall be returned to Purchaser upon demand, and all parties shall be released from all obligations under this Agreement.

4.  At such time as the said pre-sale requirements have been satisfied and the work required by the selected Schedule of Unit Interiors, attached hereto, has been completed, and the above described Unit is ready for occupancy, Seller will certify to Purchaser in writing that the Purchaser's unit is substantially complete, and a statement advising the time, date (which shall be not less than seven days after the date of said statement) and place where the conveyance of said Unit will be delivered, with a certificate of title from which Purchaser may obtain an owner's and/or mortgagee's title insurance policy from Mississippi Valley Title Insurance Company, subject only to the exceptions contained in paragraph 5 hereof, and other closing documents to the Purchaser. At such closing time, the Purchaser shall pay the full purchase price to Seller.

2

00003

5. Seller shall convey and transfer its interest in and to the Unit and such Unit's appurtenant undivided interest in the Common Area by a Warranty Deed substantially in the form of **Exhibit "D"** attached hereto ("Warranty Deed"). Purchaser's interest in the Unit and Common Area will be subject to:

(a) the terms, conditions, covenants and provisions set forth in the Declaration exhibited herewith to Purchaser and any changes or amendments to the Declaration which may be desired by Seller or may be required by law, or lending institutions, subsequent to execution hereof, provided that copies of said changes or amendments are furnished to Purchaser before closing. No substantial change will be made to the Declaration, By-Laws, or Articles of Incorporation prior to the closing of the sale without the prior written consent of the Purchaser, which consent will not be unreasonably withheld;

(b) zoning regulations and ordinances of the governmental authority having jurisdiction over the property and amendments and additions thereto;

(c) facts as may be shown on the Plan of Condominium.

(d) sewer, water, electric, gas, telephone and other utility easements and consents, if any, now or hereafter recorded, including the right to maintain and operate lines, wires, cables, poles and distribution boxes, in, over, through and upon said Property and Improvements;

(e) the rights of utility companies for the location, maintenance and repair of telephone poles and service lines, common to all improvements in the Development;

(f) all service contracts affecting the Property and the Improvements entered into by Seller or the Association whether or not they exist at the time of the delivery of the deed, including but not limited to, contracts for management, maintenance, service, extermination, vending machines and building employees;

(g) taxes, pending municipal liens, easements existing and to be created for ingress and egress to the Property;

(h) all oil, gas and other minerals in, on or under any of the property described in the Declaration reserved or conveyed by predecessors in title;

6. (a) In the event that Seller is unable to convey or assign the Unit in accordance with this Agreement, the Purchaser shall, at his election, have either of the following two options as his sole remedies hereunder: (i) the right to accept such title as the Seller is able to convey, without any claim on the part of the Purchaser for the reduction of the purchase price for defects or objections; or (ii) the Purchaser shall have the right to rescind this Agreement.

(b) In the event Purchaser elects to rescind this Agreement pursuant to 6(a) above, then, and in such event, the aforementioned Taylor, Covington & Smith, P. A. shall return the

3

00004

funds deposited hereunder to the Purchaser unless previously forfeited, and upon such refund being made to the Purchaser, this Agreement shall be cancelled and become null and void and of no force and effect and the Seller shall be under no obligation or liability whatsoever to the Purchaser for any damages that the Purchaser may have sustained and neither party will have any further claim against the other under the terms of this Agreement. Return of down payment shall be the Purchaser's exclusive remedy for any alleged violation of this Agreement by the Seller.

7. The seller will pay as closing cost, Seller's attorney's fee for Certificate of Title and Warranty Deed, all other closing cost will be paid by Purchaser.

8. If the Purchaser fails to take title pursuant to the provisions of this Agreement or shall default under any of the provisions of this Agreement, the Seller may (but shall not be obligated to) elect to cancel the same, and ten days after mailing written notice of such election to the Purchaser, or personal delivery of such notice, this Agreement shall become void and of no effect and the Seller may retain all monies paid hereunder, together with any interest earned thereon as agreed liquidated damages, or, in the alternative, the Seller shall have the right to bring any proceeding or action afforded to Seller by law or equity, including specific performance of the Agreement.

9. If the Purchaser at or prior to closing shall find that the Seller's title does not conform to the provisions of the Agreement and it appears that such question of title may, according to reasonable expectation, be removed as an objection within sixty (60) days, Seller, at its election, shall have the privilege of removing or satisfying the same and shall, for that purpose, be entitled to an adjournment of the closing of title for a period not exceeding sixty (60) days, the Purchaser's obligation hereunder to remain in full force and effect in the meantime. Nothing herein contained shall require the Seller to bring any action or proceeding or incur any expense in order to remove such question of title and any attempt by the Seller to cure such question of title shall not be construed as an admission by the Seller that such objection is one that would give the Purchaser the right to refuse delivery of the Assignment of Lease.

10. The Purchaser has seen the land on which The Van Buren is located and has examined the property, the aforementioned Declaration and all exhibits and documents and is familiar with the contents of same. The Seller, Broker or their respective representatives have not made and do not make any representations as to the physical condition, expense, operation or any other matter or thing affecting or relating to the units or the Common Area, except as herein and in the Declaration specifically set forth (all of which are subject to change or amendment as aforesaid).

11. The acceptance by Purchaser of the Warranty Deed from Seller shall be deemed to be a full performance and discharge of every agreement and obligation on the part of the Seller to be performed pursuant to the provisions of this Agreement.

12. Seller, at Seller's expense, will furnish a one year warranty to Purchaser for the repair or replacement of workmanship or materials due to faulty workmanship or materials.

4

00005

13. This Agreement is subject and subordinate to the lien of any construction mortgage now or hereafter placed on the Unit, but the Seller shall cause such mortgage to be discharged or the above-described unit released of record prior to or simultaneously with the date of delivery of the Warranty Deed.

14. The Purchaser covenants for himself, his heirs, devisees and assigns, that he will abide by the provisions of the Declaration and any changes or amendments thereto. This covenant shall survive delivery of the Warranty Deed.

15. Inasmuch as the Purchaser is acquiring the Unit for his personal occupancy, this Agreement shall not be assigned or transferred by the Purchaser without the written consent of the Seller.

16. (a) Purchaser does hereby represent that Purchaser has not contacted a real estate broker, other than ____N/A____, in connection with the consummation of this Contract and that no other real estate commissions are due any other broker by Purchaser. Purchaser hereby indemnifies Seller from any claim, damage, loss, cost or expense (including without limitation, attorney's fees and costs) arising from a breach of such representation by Purchaser.

(b) The provisions of this Paragraph 16 shall survive the Closing.

17. Property taxes, maintenance fees, and other expenses of the property are to be prorated as of the closing date.

18. Time is of the essence of this agreement.

19. Purchaser shall have no right of possession, title, use, or enjoyment to his unit until after the closing of the purchase and sale contemplated hereunder.

20. Any notice or communication which may be given or is required to be given pursuant to the terms of this Agreement shall be in writing by Certified Mail, return receipt requested, or by personal delivery.

21. All pronouns and all variations thereof shall be construed so as to refer to the masculine, feminine, neuter, singular or plural form thereof as the identity of the person or persons as the situation may require.

22. Purchaser hereby acknowledges that he has been advised by Broker of the protection offered by owner's title insurance. Purchaser acknowledges further that he has not received or relied upon any statements or representations from Broker or Seller, other than stated herein, regarding the effect of this transaction upon Purchaser's tax or legal liability, the size or condition of the property, expansive soils, any previous unknown flooding, the presence of urea formaldehyde insulation, radon gas, water, asbestos containing material, or any form of hazardous material, and agrees to hold

5

Broker and Seller harmless from any liability with regard to these items, conditions or statements. Seller hereby acknowledges that he has not received or relied upon any statements or representations regarding the effect of this transaction upon Seller's tax or legal liability, or the enforceability of any due-on-sale clauses in any existing loan documents, and agrees to hold Broker harmless from any liability with regard to same. This contract incorporates all prior agreements between the parties, contains the entire and final agreement of the parties, and cannot be changed except by their written consent. Neither party has relied upon any statement or representation made by the other party or the sales representative bringing the parties together not contained herein. Neither party shall be bound by any terms, conditions, oral statements, warranties or representations not herein contained. Each party acknowledges that he has read and understands this contract. The provisions of this contract shall apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties hereto. This contract shall be governed by the laws of the State of Mississippi. If any provision of this contract is invalid or unenforceable, the other provisions herein shall remain in full force and effect and shall be liberally construed in order to effectuate the purpose and intent of this contract. Handwritten provisions inserted in this form shall supersede any and all typewritten provisions in conflict therewith. Each party hereby acknowledges receipt of a duplicate original hereof. The facsimile transmission of a signed copy hereof to the other party, followed by an acknowledgment of receipt sent by facsimile transmission, shall constitute delivery of a signed document. The parties agree to confirm such delivery by immediately mailing a signed copy to the other party.

23. All understandings and agreements theretofore made between the parties hereto are merged in this Agreement which fully and completely expresses the parties' agreement and the same is entered into after full investigation, neither party relying upon any statement or representation not embodied in this Agreement made by the other.

24. Title to be conveyed to: _John W. See Jr._

25. Special provisions: Except as provided in this Agreement, the Unit and the undivided interest in the Common Area is sold, transferred and delivered, AS IS, without warranty of condition, use or suitability of any specific purpose.

26. **Exhibits and Attachments.**

The following are attached as exhibits to this Agreement:

Exhibit "A" - Schedule Of the Common Area and Common Elements Improvements
Exhibit "B" - Schedule of Unit Interior

6

00007

Exhibit "C" - Schedule of Purchaser's Selected Options
Exhibit "D" - Warranty Deed

IN WITNESS WHEREOF, the undersigned have caused this instrument to be executed on this the 22 day of October 2001, 2002.

**PURCHASER**

*John W. See, Jr.*

Address: P.O. Box 1470
Hattiesburg, MS. 39403
Phone: 601- ~~[redacted]~~

**SELLER:**

**VAN BUREN GROUP, LLC,** a
Mississippi limited liability company

By: *H. Claiborne Frazier*
H. Claiborne Frazier, Manager

Subject to clearance of any check given, the undersigned Broker acknowledges receipt of the above mentioned earnest money and holds the same in trust subject to the terms of this contract.

**BROKER:**

N/A

By:
Title:

7                                    C:\CLAIBORN\VANBUREN\PURCHA~1.WPD

00008

# THE VAN BUREN
# PURCHASE AGREEMENT

Made this 23rd day of February, 2004 between VAN BUREN GROUP, LLC, hereinafter referred to as the "Seller", and Lee Medical Development, LLC hereinafter referred to as the "Purchaser".

WHEREAS,

A. Seller is the owner of Unit 307, in the Plan of Condominium of The Van Buren, a condominium as same is created, established and dedicated in a certain Plan of Condominium and Declaration of Covenants, Conditions and Restrictions for The Van Buren, executed by Van Buren Group, LLC, and of record in the office of the Chancery Clerk of Lafayette County, Mississippi, in Book 514 at Page 614, as supplemented by Supplement to The Plan of Condominium and Declaration of Covenants, Conditions and Restrictions for The Van Buren recorded in Book 518 at Page 105.

B. The Purchaser desires to purchase Unit 307 in The Van Buren and the appurtenant undivided 1/30th interest in the Common Areas all as stated in the Plan and Declaration.

NOW THEREFORE in consideration of the mutual promises and undertakings hereinafter set forth, the parties hereto mutually agree as follows:

1. Seller shall sell and convey and the Purchaser shall purchase all that certain property being in the City of Oxford, Lafayette County, Mississippi, known and designated as:

(a) Unit 307 in the Plan and Declaration, as amended, and as depicted on the floor plan attached hereto as Exhibit A, by reference made a part hereof, along with an undivided 1/30th interest in the Common Areas assigned to said Unit under the Declaration and all other appurtenances to such Unit as the same are contained and defined in the Declaration; and

2. The purchase price of the Unit is ...................................................$300,000.00
Payable as follows:
(i) Cash upon the execution of the Agreement          $250,000.00

(ii) Cash payment at closeout, subject
to adjustments and prorations........................................$ 50,000.00

3. Closeout shall occur at such time as Seller has caused wood floors to be installed in the aforesaid Unit, not to exceed six (6) weeks from the execution of this Agreement by both parties, Seller will deliver a Warranty Deed to Purchaser, with a certificate of title from which Purchaser may obtain an owner's and/or mortgagee's title insurance policy from Mississippi Valley Title Insurance Company, subject only to the following exceptions:



EXHIBIT P

00134

(a). Any prior reservations or conveyances of all oil, gas and other minerals in, on or under the above described property of record, if any;

(b). Electrical and gas lines on or adjacent to the west boundary running along 14th Street as shown on survey of Eubank & Moore Engineers, Inc., dated March 28, 2001 as revised August 30, 2001.

(c). The terms, conditions, restrictions, privileges, easements and obligations, including the right to create assessments, as contained in that certain Plan of Condominium and Declaration of Covenants, Conditions and Restrictions for The Van Buren, executed by Van Buren Group, LLC, on file and of record in the office of the Chancery Clerk of Lafayette County, Mississippi in Book 514 at Page 614, as supplemented by Supplement to The Plan of Condominium and Declaration of Covenants and Restrictions for The Van Buren recorded in Book 518 at Page 105.

4. The seller will pay as closing cost, Seller's attorney's fee for Certificate of Title and Warranty Deed, all other closing cost will be paid by Purchaser.

5. If the Purchaser fails to take title pursuant to the provisions of this Agreement or shall default under any of the provisions of this Agreement, the Seller may (but shall not be obligated to) elect to cancel the same, and ten days after mailing written notice of such election to the Purchaser, or personal delivery of such notice, this Agreement shall become void and no effect and the Seller may retain all monies paid hereunder, together with any interest earned thereon as agreed liquidated damages, or, in the alternative, the Seller shall have the right to bring any proceeding or action afforded to Seller by law or equity, including specific performance of the Agreement.

6. If the Purchaser at or prior to closing shall find that the Seller's title does not conform to the provisions of the Agreement and it appears that such question of title may, according to reasonable expectation, be removed as an objection within sixty (60) days, Seller, at its election, shall have the privilege of removing or satisfying the same and shall, for that purpose, be entitled to an adjournment of the closing of title for a period not exceeding sixty (60) days, the Purchaser's obligation hereunder to remain in full force and effect in the meantime. Nothing herein contained shall require the Seller to bring any action or proceeding or incur any expense in order to remove such question of title and any attempt by the Seller to cure such question of title shall not be construed as an admission by the Seller that such objection is one that would give the Purchaser the right to refuse delivery of the Assignment of Lease.

7. The acceptance by Purchaser of the Warranty Deed from Seller shall be deemed to be a full performance and discharge of every agreement and obligation on the part of the Seller to be performed pursuant to the provisions of this Agreement.

8. (a) Purchaser does hereby represent that Purchaser has not contacted a real estate broker in connection with the consummation of this Contract and that no other real estate commissions are due any other broker by Purchaser. Purchaser hereby indemnifies Seller

from any claim, damage, loss, cost or expense (including without limitation, attorney's fees and costs) arising from a breach of such representation by Purchaser.

(b)    The provisions of this Paragraph 8 shall survive the Closing.

9.    Property taxes, maintenance fees, and other expenses of the property are to be prorated as of the closing date.

10.    Time is of the essence of this Agreement

11.    Title to be conveyed to: Lee Medical Development, LLC.

IN WITNESS WHEREOF, the undersigned have caused this instrument to be executed on this the 23rd day of February, 2004.

PURCHASER:

_____
JOHN W. LEE, JR., Managing Partner
Lee Medical Development, LLC

Address:  119 Hardy Street
          Hattiesburg, MS 39401
Phone:    ███████████

SELLER:

VAN BUREN GROUP, LLC, a
Mississippi limited liability company

By: _____
    H. Claiborne Frazier, Manager