IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                              CHAPTER 7

HARRIS CLAIBORNE FRAZIER                                    CASE NO. 08-03051-EE
_____

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA                                                  PLAINTIFF

VS.                                                                  ADVERSARY NO. _____

HARRIS CLAIBORNE FRAZIER                                    DEFENDANT
_____

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S COMPLAINT
OBJECTING TO THE DISCHARGEABILITY OF DEBT
OR, IN THE ALTERNATIVE, TO THE DISCHARGE OF DEBTOR**

COMES NOW Travelers Casualty and Surety Company of America ("Travelers") and files this Complaint objecting to the dischargeability of debt owed to Travelers, or in the alternative, to the discharge of Harris Claiborne Frazier ("Debtor") in the above referenced case. In support thereof, Travelers would show as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The relief requested herein is made pursuant to, *inter alia*, 11 U.S.C. §523 & §727.

**Parties**

3.      Travelers is a creditor in the instant bankruptcy proceeding.

4. Debtor is an adult resident citizen of Rankin County, Mississippi, who may be served with Summons and Complaint at his address located at 79 Grandview Circle, Brandon, Mississippi 39047.

5. Derek A. Henderson is the Chapter 7 Trustee ("Trustee").

**Facts**

6. On October 8, 2008 (the "Petition Date"), Debtor filed a Voluntary Petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

7. On or about June 18, 2004, Debtor and certain other persons and entities entered into a General Agreement of Indemnity ("Agreement I") with Travelers in connection with certain surety bonds to be provided by Travelers to C.E. Frazier Construction Company, Inc. ("Frazier Construction Company"). *See* Agreement I, attached hereto as Ex. "A".

8. In Agreement I, Debtor agreed to hold in trust for the benefit of Travelers all contract proceeds under any contract or obligation the performance of which is guaranteed or covered in whole or in part under a Travelers' bond:

> **Trust Fund:** All payments due or received for or on account of any Contract, whether or not in the possession of any Indemnitor, shall be held in trust as trust funds by Indemnitors for the benefit and payment of all obligations for which [Travelers] as beneficiary may be liable under any Bond. . . .

*See id.* at ¶¶ 1 and 9.

9. Debtor also agreed to indemnify Travelers for all losses and expenses, including:

> [A]ll loss and expense of any kind or nature, including attorneys' and other professional fees, which [Travelers] incurs in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of [Travelers'] (a) making any Investigation in connection with any Bond, (b) prosecuting or defending any action in connection with any Bond, (c) obtaining the release of any Bond, (d) recovering or attempting to recover Property in connection with any Bond or this Agreement, (e) enforcing by litigation or otherwise any of the

2

provisions of this Agreement, and (f) all interest accruing thereon at the maximum legal rate.

*See id.* at ¶¶ 1 & 3.

10.     Furthermore, to induce Travelers to enter into Agreement I and to issue certain surety bonds and financial assistance, Debtor furnished Travelers with numerous financial statements and financial data.

11.     On or about December 20, 2007, Debtor and certain other persons and entities entered into a Collateral/Reimbursement Agreement ("Agreement II") with Travelers in connection with Travelers providing certain surety advances and financial assistance to Frazier Construction Company. See Agreement II, attached hereto as Ex. "B".

12.     As in Agreement I, Debtor agreed in Agreement II to hold in trust for the benefit of Travelers all contract proceeds and to indemnify Travelers for the full amount of any and all losses. *See id.* at §§ 7 & 8.

13.     Furthermore, Debtor "furnished [Travelers] with FINANCIAL STATEMENTS and financial data to induce [Travelers] to enter into [Agreement II]." *See id.* at § 3.2. Copies of Debtor's financial statements were included as an exhibit to Agreement II.

14.     From 2002 to 2006, Travelers issued eleven surety bonds to Frazier Construction Company, as set-forth below:

| **Bond Number** | **Obligee** | **Project Description** | **Bond Amount** | **Effective Date** |
|---|---|---|---|---|
| 104451196 | MD Properties, LLC | Natchez Regional Medical Center Office Building | $2,613,408 | 2/25/2005 |
| 104539212 | Tupelo Regional Airport | Tupelo Regional Airport | $4,197,461 | 6/25/2005 |
| 104612959 | Madison County School District | WGY #4511-30 Velma Jackson High Schoold | $2,799,599 | 11/28/2005 |
| 104633458 | Bureau of Building, Grounds and Real Properly Management | MS Delta Community College, Women's Dorm | $5,518,000 | 1/17/2006 |
| 104679016 | Natchez Regional Medical Center | Natchez Regional Medical Center – MOB parking Lot and | $565,772 | 2/17/2006 |

3

| | | Drives | | |
|---|---|---|---|---|
| 104700136 | Madison County Board of Supervisors | Madison County Office Com. | $5,471,000 | 4/11/2006 |
| 104809999 | Natchez Regional Medical Center | Natchez Regional Medical Center Natchez Pods/Neurology Doctor's Pavilion | $812,200 | 12/19/2006 |
| 104867912 | Bureau of Building, Grounds and Real Properly Management | GS#106-198, MS Valley State University | $12,685,700 | 1/24/2007 |
| 104867915 | Natchez Regional Medical Center | Medical Office Building | $126,003 | 2/23/2007 |
| SZ1821 | Pearl Public School District | Pearl Lower Elementary School | $7,824,666 | 5/27/2003 |
| ST9089 | U.S. Dept. of Agriculture | National Biological Control Lab, Stonevile, MS | $11,334,000 | 5/31/2002 |

15.     Frazier Construction and Debtor defaulted on certain of the above surety bonds and failed to repay Travelers for the surety advances and financial assistance, causing Travelers to suffer $6,405,585.21 in current and estimated future losses (the "Loss" or the "indebtedness").

16.     The Loss was caused in whole or in part by Debtor's wanton, willful and intentional and/or grossly reckless failure to deposit and/or to hold contract proceeds in trust for the benefit and payment of all obligations for which Travelers as beneficiary was liable under those certain surety bonds. Instead, Debtor spent, or caused to be spent, the contract proceeds on other projects, for his own personal benefit and/or for the benefit of his various companies, such as Frazier Development, LLC.

17.     After the Loss, Travelers also discovered Debtor's financial statements were materially false and misleading. The financial statements grossly overstated the value of Debtor's assets and grossly understated the extent of Debtor's liabilities. The financial statements also claimed assets that Debtor did not own and failed to identify significant liabilities and encumbrances.

18.     Debtor failed and refused to indemnify Travelers for the Loss as required by Agreement I and II.

4

19. Furthermore, after the Petition Date, Debtor sold certain heavy equipment owned by Frazier Construction Company to a third party for approximately $13,000. The property was subject to Traveler's duly perfected UCC-1. Travelers had also obtained a judgment in federal district court awarding it immediate possession to the property so that Travelers could foreclose on its lien. Debtor did not own the property and knew of Traveler's security interest and judgment. Debtor willfully and maliciously sold the property without Traveler's consent, failed to remit any of the proceeds of the sale to Travelers, and failed to disclose and actively concealed the sale to Travelers. Debtor concealed the transaction and proceeds using various names and bank accounts and, on information and belief, spent all or a significant portion of the monies at restaurants and bars in Florida and Mississippi.

20. Both before and after the Petition Date, Debtor engaged in a systematic, corrupt and morally depraved scheme to defraud his creditors, this Court, the bankruptcy process and the rule of law. Debtor secreted and concealed assets and made materially false and misleading statements on his bankruptcy schedules and during his §341 Meeting of Creditors and 2004 Examination concerning the existence and value of his assets.

## Causes of Action

### COUNT 1
*11 U.S.C. §523(a)(2)(B)*

21. Travelers incorporates by reference herein the preceding and subsequent allegations of the Complaint.

22. Debtor submitted financial statements to Travelers concerning Debtor's financial condition that were materially false and painted a substantially untruthful picture of Debtor's financial condition by misrepresenting information of the type which would normally affect the decision to grant credit, including but not limited to Debtor grossly overstating his assets and

5

understating his liabilities. Travelers reasonably relied on Debtor's financial statements in issuing credit, including the subject surety bonds and advancing monies and financial assistance to Frazier Construction Company. Debtor knew his financial statements were materially false and intended them to deceive Travelers.

23. The materially false financial statements induced Travelers into issuing credit, including the subject surety bonds and advancing monies and financial assistance to Frazier Construction Company, and proximately caused the Loss.

24. The indebtedness of the Debtor to Travelers, therefore, should be excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(B).

## COUNT II
*11 U.S.C. §523(a)(4)*

25. Travelers incorporates by reference herein the preceding and subsequent allegations of the Complaint.

26. Under the express terms of Agreement I and II, Debtor owed a fiduciary duty to Travelers to hold in trust all contract proceeds for the benefit and payment of all obligations for which Travelers as beneficiary may have be liable under the surety bonds issued by Travelers to Frazier Construction Company.

27. Debtor materially breached this fiduciary duty through Debtor's wanton, willful and intentional and/or grossly reckless failure to deposit and/or to hold said contract proceeds in trust for the benefit and payment of all obligations for which Travelers as beneficiary may have be liable under the surety bonds issued by Travelers to Frazier Construction Company. Debtor spent, and caused to be spent, the contract proceeds for other projects, his own personal benefit and/or for the benefit of his various companies, such as Frazier Development, LLC.

6

28. Debtor's intentional and grossly reckless actions proximately caused the Loss and constitute a defalcation while acting in a fiduciary capacity.

29. Debtor's actions regarding the certain heavy equipment owned by Frazier Construction Company to which Travelers had a valid security interest amount to embezzlement or larceny as defined by 11 U.S.C. §523(a)(4).

30. The indebtedness of the Debtor to Travelers should, therefore, be excepted from discharge pursuant to 11 U.S.C. §523(a)(4).

## COUNT III
*11 U.S.C. §523(a)(6)*

31. Travelers incorporates by reference herein the preceding and subsequent allegations of the Complaint.

32. Travelers held a duly perfected security interest in all of Debtor's personal and investment property. Travelers has now learned that Debtor sold or transferred property subject to Traveler's security interest. Travelers never authorized or consented to the sales, transfers of other dispositions of the property.

33. The disposition by Debtor of Travelers' collateral a "willful and malicious injury by the debtor to another entity or to the property of another entity", and therefore the indebtedness of the Debtor to Travelers should be excepted from discharge pursuant to 11 U.S.C. §523(a)(6).

34. Debtor's actions regarding the certain heavy equipment owned by Frazier Construction Company amount to a "willful and malicious injury by the debtor to another entity or to the property of another entity", and, therefore, the indebtedness of the Debtor to Travelers should be excepted from discharge pursuant to 11 U.S.C. §523(a)(6).

## COUNT IV
*11 U.S.C. §727 (a)(2)(A)&(B)*

35. Travelers incorporates by reference herein the preceding and subsequent allegations of the Complaint.

36. Debtor, with intent to hinder, delay, or defraud creditors, transferred, removed and/or concealed property of the Debtor, within one year before the Petition Date

37. Debtor, with intent to hinder, delay, or defraud creditors, transferred, removed and/or concealed property of Debtor's estate after the Petition Date.

## COUNT V
*11 U.S.C. §727(a)(3) & (5)*

38. Travelers incorporates by reference herein the preceding and subsequent allegations of the Complaint.

39. Debtor has unjustly concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information, including books, documents, records and papers, from which Debtor's financial condition or business transactions might be ascertained.

40. Furthermore, Debtor has failed to explain satisfactorily his loss of assets and deficiency of assets to meet Debtor's liabilities.

## COUNT VI
*11 U.S.C. §727(a)(4)(A)*

41. Travelers incorporates by reference herein the preceding and subsequent allegations of the Complaint.

42. Debtor knowingly and fraudulently made numerous false oaths and statements in the instant bankruptcy case.

WHEREFORE, PREMISES CONSIDERED, Travelers Casualty and Surety Company of America respectfully requests that the Court enter an Order denying the dischargeability of Harris Claiborne Frazier's indebtedness to Travelers in the amount of $6,405,585.21 together

with interest, attorney's fees and all costs of court. In the alternative only, Travelers requests the Court enter an Order denying a discharge to Harris Claiborne Frazier. Travelers further requests an award of its attorneys' fees and costs for bringing this action and for such other relief that it may be entitled under the premises.

THIS the 28th day of July, 2009.

          Respectfully submitted,

          TRAVELERS CASUALTY AND SURETY
             COMPANY OF AMERICA

          By: */s/ Paul M. Ellis*_____
             John A. Crawford, Jr. (MB No. 10346)
             Paul M. Ellis (MB No. 102259)

          ITS ATTORNEYS

OF COUNSEL:

Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Post Office Box 22567
Jackson, MS 39225-2567
(T) (601) 948-4511
(F) (601) 985-4500
(E) jack.crawford@butlersnow.com
(E) paul.ellis@butlersnow.com

Jackson 4149160v2