UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE:

| | |
|---|---|
| HARRIS CLAIBORNE FRAZIER | CASE NO. 08-03051-EE |
| DEBTOR | CHAPTER 7 |
| R. SCOTT HINES, E. R. HINES, JR. SHIRLEY M. HINES and and HINES-PHILLIPS PROPERTIES, LLC | PLAINTIFFS |
| v. | ADVERSARY NO._____ |
| HARRIS CLAIBORNE FRAZIER | DEFENDANT |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT
OR IN THE ALTERNATIVE, TO THE DISCHARGE OF DEBTOR**

COME NOW, R. Scott Hines, E. R. Hines, Jr., Shirley M. Hines and Hines-Phillips Properties, LLC (collectively the "Hines"), by and through counsel, and file their Complaint Objecting to Dischargeability of Debt or in the alternative, to the Discharge of Debtor as follows:

**JURISDICTION**

1.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§157(b) and 1334. The case subjudice is a core proceeding pursuant to 11 U.S.C. §157(b).   Venue is proper in this Court in accordance with 28 U.S.C. §§1408 and 1409.

**THE PARTIES**

2.     Plaintiff R. Scott Hines ("Scott") is an adult resident of the First Judicial District of Hinds County, Mississippi and a creditor in the above styled and numbered bankruptcy proceeding.

3.     Plaintiff E. R. Hines, Jr. ("E. R.") is an adult resident of Madison County, Mississippi and a creditor in the above styled and numbered bankruptcy proceeding.

4. Plaintiff Shirley M. Hines ("Shirley") is an adult resident of Madison County, Mississippi and a creditor in the above styled and numbered bankruptcy proceeding.

5. Plaintiff Hines-Phillips Properties, LLC ("Hines-Phillips") is a Mississippi limited liability company whose principal office is located in Madison County, Mississippi and a creditor in the above styled and numbered bankruptcy proceeding.

6. Defendant Harris Claiborne Frazier ("Frazier") is an adult resident of Rankin County, Mississippi, who may be served with process at his residence address, 79 Grandview Circle, Brandon, Mississippi 39047. Frazier is also the debtor in the above styled and numbered bankruptcy proceeding.

7. Derek A. Henderson is the Chapter 7 Trustee ("Trustee").

## THE FACTS

8. Frazier filed a voluntary petition under Chapter 7 of the Bankruptcy Code herein on October 8, 2008.

9. On or about December, 2003, Claiborne represented to the Hines that Frazier Development, LLC, a Mississippi limited liability was raising capital for certain real estate investments, that Frazier Development was the majority owner and managing member of Jackson Metro Properties, LLC, a Mississippi limited liability company which owned certain tracts of real property, all of which were income producing properties in the Jackson, Mississippi metropolitan area ("Commercial Property"). Claiborne and his father, C.E. Frazier, Jr. and brother Austin Frazier owned and controlled Frazier Development. Claiborne stated that the purpose of Jackson Metro was to hold the Commercial Property for income and long-term investment. Claiborne further represented that Frazier Development was proposing to sell a portion of its interest in Jackson Metro which

investment would generate an 11% return (cash on cash) for a long term investment.

10. Based solely on the representations of Claiborne, Scott, E. R. and Shirley on or about January 13, 2004, invested in Jackson Metro by paying to Frazier Development $120,000.00, $110,000.00 and $49,918.00, respectively for a 5.31%, 4.87% and 2.21% ownership interest in Jackson Metro as evidenced by an Amendment To Operating Agreement of Jackson Metro Properties, LLC dated January 1, 2004, copy of which is attached hereto as Exhibit "A" which is incorporated herein by reference for all purposes ("the Agreement"). Further in reliance upon Claiborne's representations Scott paid on or about May 1, 2004, Frazier Development an additional $70,000.00 for an additional 2.44% interest in and to Jackson Metro.

11. The Hines are reasonably informed and believe that the Commercial Property consisted of substantially all of the assets of Jackson Metro. At no time did Claiborne indicate that Jackson Metro's properties would be sold at any time in the near future and certainly not without notice to the Hines. Sale of the Commercial Property required approval of all members of Jackson Metro according to the Agreement.

12. Notwithstanding the express representations of Claiborne and the notice and approval requirements of the Agreement, Claiborne caused the sale of substantially all of the assets of Jackson Metro on or about October 4, 2005.

13. None of the Hines was aware or had any knowledge of the sale until approximately December, 2005. Upon learning of the sale, Scott confronted Claiborne who admitted that Jackson Metro's assets had been sold. Scott demanded documentation pertaining to the sale and status of the business affairs of Jackson Metro which neither Claiborne nor Frazier Development produced.

14. In view of Claiborne's breach of duty to the minority interest members Scott

demanded return of his investment plus his share of the assets of Jackson Metro. On or about December 19, 2005, Frazier Development paid Scott $190,000.00 purportedly for his interest in Jackson Metro. Scott was not provided with any documentation to substantiate this payment.

15.     Notwithstanding repeated demands neither E. R. nor Shirley has received any payment for their interest in Jackson Metro except for a period of time they continued to receive a monthly check from Frazier Development which purportedly represents an 11% return on their investment in Jackson Metro.

16.     The Hines are reasonably informed and believe that Jackson Metro received $1,423,274.00 net proceeds from the sale of its assets in October, 2005. To date none of the Hines has been provided with a reconciliation or explanation of the disbursements of the net sale proceeds.

17.     Claiborne had a fiduciary duty to Hines to manage and deal with the assets of Jackson Metro in a fair, honest and equitable manner. Claiborne has deliberately and in bad faith breached his fiduciary duty by refusing the Hines' reasonable requests for information and the sale of substantially all of the assets of Jackson Metro without notice to or approval of all members of Jackson Metro, particularly including the Hines. The Hines are further reasonably informed and believe that Claiborne has used the net proceeds to his own personal use.

18.     On or about April, 2005, Claiborne represented to the Hines that Frazier Development was raising capital for additional real estate investments, that Frazier Development was the majority owner and managing member of Madison Market One, LLC, a Mississippi limited liability company and Madison Market II, a Mississippi limited liability company which collectively owned a 3.690 acre tract of real property situated on Highway 51 in Madison, Mississippi on which Frazier Development constructed the first of a two phase commercial shopping center ("Investment

Property"). Claiborne represented that Madison Market One, owned the shopping center which had just been completed at that time as Phase I of the planned development. The Hines were further told by Claiborne that Madison Market II would be developed at a later time as Phase II. Claiborne stated that the purpose of Madison Market One and II was to have constructed the commercial buildings on the Investment Property and to hold same for income and long-term investment.

19.     Claiborne further represented that Frazier Development was proposing to sell a portion of its interest in Madison Market One and II which investment would generate a 9% return (cash on cash) for a long-term investment. Frazier Development by and through Claiborne proposed to sell Hines-Phillips a 6.8% interest in Madison Market One (Phase I) and a 13.6% interest in Madison Market II (Phase II) for $192,000.00 and to sell E. R. Hines a 3.68% interest in Madison Market One (Phase I) and a 7.35% interest in Madison Market II (Phase II) for $100,000.00.

20.     Based solely on the representations of Claiborne, Hines-Phillips on or about April 26, 2005, invested in Madison Market One and II by paying to Frazier Development $192,000.00 for a 6.8% interest in Madison Market One and a 13.6% interest in Madison Market II.

21.     E. R. on or about April 26, 2005, paid Frazier Development $100,000.00 for a 3.68% interest in Madison Market One and a 7.35% interest in Madison Market II. The terms of agreement between Frazier Development and the Hines are evidenced by a Letter of Intent dated April 26, 2005, which has been signed by Claiborne and by Scott Hines on behalf of Hine-Phillips Properties, LLC and E. R. Hines, Jr., a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference for all purposes.

22.     Notwithstanding the representations by Claiborne that the Investment Property would be held for long term investment, Claiborne caused the Investment Property to be sold on or about

April 26, 2006.

23.     Neither of the Hines was aware or had any knowledge of the sale until after the property was sold. Upon learning of the sale, the Hines confronted Claiborne who admitted that the Investment Property had been sold. The Hines demanded documentation pertaining to the sale and status of the business affairs of Madison Market One and II which neither Claiborne nor Frazier Development produced.

24.     Subsequently, the Hines obtained from a third party a copy of a document purporting to be the closing statement for the sale of the Investment Property on April 25, 2006. The closing statement indicates $1,164,163.44 net proceeds were paid to Madison Market, LLC, a Mississippi limited liability company which is indicated as the owner of the Investment Property. Madison Market, LLC is owned and controlled by Claiborne, his father and brother. A true and correct copy of said closing statement is attached hereto as Exhibit "C" and incorporated herein by reference for all purposes.

25.     Claiborne owed a fiduciary duty to the Hines to manage and deal with the assets of of Madison One and II in a fair, honest and equitable manner. Claiborne breached his duty by fraudulently misrepresenting the ownership of the Investment Property, selling the Investment Property without notice to the Hines in violation of the Agreement between Claiborne, Frazier Development and the Hines. Claiborne deliberately and fraudulently induced the Hines to collectively pay Frazier Development $292,000.00 for specified ownership interests in two limited liability companies which did not own any appreciable assets.

26.     The Hines are reasonably informed and believe that Claiborne commingled the assets, including net proceeds of sales with the accounts and assets of Claiborne's other companies,

including Frazier Development, LLC, used the assets of Jackson Metro and Madison Market One and II for his own personal use to the detriment of the Hines.

27. On September 6, 2007, R. Scott Hines, E. R. Hines, Jr. and Shirley Hines obtained a Judgment against Jackson Metro Properties, LLC, Frazier Development, LLC, C. E. Frazier, Jr. and H. Claiborne Frazier in the Chancery Court of Madison County, Mississippi in Civil Action No. 2006-717 in the sum of $195,597.73. Said judgment is final and a copy of said judgment is attached hereto as Exhibit "D" which is incorporated herein by reference for all purposes.

28. On September 6, 2007, R. Scott Hines, E. R. Hines, Jr. And Shirley Hines obtained Orders charging the interest of Frazier Development, LLC, C. E. Frazier, Jr. and H Claiborne Frazier in Ergon-Frazier Development, LLC, Madison Fish House, LLC, MKF, LLC, Six Shooter Land & Timber, LLC and Six Shooter Lodge, LLC. Copies of said Orders have previously been filed in this Court which are incorporated herein by reference for all purposes.

29. On April 8, 2008, R. Scott Hines, E. R. Hines, Jr. and Shirley Hines obtained an Order charging the interest of Frazier Development, LLC, C. E. Frazier, Jr. and H. Claiborne Frazier in Mathena Wetlands, LLC. Copy of said order has previously been filed in this Court which are incorporated herein by reference for all purposes.

30. On September 6, 2007, Hines-Phillips Properties, LLC and E. R. Hines, Jr. obtained a judgment against Madison Market, LLC, Madison Market One, LLC, Madison Market II, LLC, Frazier Development I, LLC, C. E. Frazier and H. Claiborne Frazier in the sums of $209,580.00 plus interest and $112,750.00 plus interest, respectively in the Chancery Court of Madison County, Mississippi, Civil Action No. 2006-718. Said judgment is final and a copy of said judgment is attached hereto as Exhibit "E" and incorporated herein by reference for all purposes.

31.  On September 6, 2007, Hines-Phillips Properties, LLC and E. R. Hines, Jr. obtained Orders charging the interests of Frazier Development, LLC, C. E. Frazier, Jr. and H. Claiborne Frazier in Ergon-Frazier Development I, LLC, Madison Fish House, LLC, MKF, LLC, Six Shooter Land & Timber, LLC and Six Shooter Lodge, LLC. Copies of said Orders have previously been filed in this Court which are incorporated herein by reference for all purposes.

32.  On April 8, 2008, Hines-Phillips Properties, LLC and E. R. Hines, Jr. obtained an Order charging the interest of Frazier Development, LLC, C. E. Frazier, Jr. and H. Claiborne Frazier in Mathena Wetlands, LLC. Copy of said Order has previously been filed in this Court which is incorporated herein by reference for all purposes.

33.  The judgment amounts owed to the Hines were reduced by the sale of Claiborne's interest in Tupelo Development, LLC. The amount received from said sale has been credited to the balance owing to the Hines.

34.  As of this date Claiborne is indebted to the Hines in the total sum of Three Hundred Forty-One Thousand and no/100 Dollars ($341,000.00) plus interest at the rate of Two Thousand Forty-Seven and 36/100 Dollars ($2047.36 per month) and all costs of collection, including reasonable attorney fees.

## COUNT ONE

35.  The allegations contained in paragraph 1 through 34. above are incorporated herein by reference for all purposes.

36.  Claiborne has a fiduciary duty to deal fairly and honestly with the assets of Madison Market One and II. Claiborne also owed the Hines a fiduciary duty to tell the truth in his representations to them.

37. Claiborne purposefully concealed and otherwise refused to provide the Hines with information regarding their investments in Madison Market One and II, the status and financial condition of Madison Market One and II and the handling of the sale proceeds derived from the sale of the Investment Property. Claiborne further retained the proceeds of the sales of Jackson Metro and Madison Market properties and used same for his personal use to the detriment of the Hines.

38. Claiborne should not be granted a discharge of the indebtedness owed to the Hines pursuant to *11 U.S.C. §523(a)(4)(6)*.

## COUNT TWO

39. The allegations contained in paragraph 1 through 38 above are incorporated herein by reference for all purposes.

40. Claiborne failed to disclose all of his assets in the bankruptcy petition and Schedules filed with the Court on October 28, 2008.

41. Claiborne should not be granted a discharge of the indebtedness owed to the Hines pursuant to *11 U.S.C. §727(a)(2)(A)(B)*.

## COUNT THREE

42. The allegations contained in paragraph 1 through 41 above are incorporated herein by reference for all purposes.

43. In accordance with *11 U.S.C. §727(a)(3)* Claiborne should not be granted a discharge of the indebtedness owed to the Hines for failure to keep or preserve any books, records or other documents from which his business transactions might be determined, and has unsatisfactorily explained the loss of said books and records.

WHEREFORE, premises considered, Plaintiffs R. Scott Hines, E. R. Hines, Jr., Shirley M.

Hines and Hines-Phillips Properties, LLC pray for an order denying the dischargeability of Defendant Harris Claiborne Frazier of his indebtedness owing to the Hines plus interest, and all costs incurred herein, including reasonable attorney fees. Alternatively, Plaintiff prays for an order denying the discharge of Defendant Harris Claiborne Frazier. Plaintiff further prays for such further and more general relief as the Court deems appropriate in the premises.

Respectfully Submitted,

R. SCOTT HINES, E. R. HINES, SHIRLEY M. HINES and HINES-PHILLIPS PROPERTIES, LLC

By: _____
JAMES L. MARTIN, Their Attorney

James L. Martin
P.O. Box 2703
Madison, MS 39130
601-991-3301
601-991-32302 - facsimile
jmartin@jlmatty.com
MS Bar No. 1891