**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **HARRIS CLAIBORNE FRAZIER** | **CASE NO. 08-03051-EE** |
| **AUSTIN W. FRAZIER** | **CASE NO. 08-04026-EE** |

**TRAVELERS' SUPPLEMENTAL RESPONSE TO TRUSTEE'S MOTION FOR
AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS, INTERESTS,
ENCUBRANCES AND CLAIMS
<u>MATHENA WETLANDS, LLC</u>**
[Dkt. ## 148, 150]
[Dkt. ## 77, 79]

Travelers Casualty and Surety Company of America ("<u>Travelers</u>") files this Supplemental Response to Trustee's Motion for Authority to Sell Assets Free and Clear of Liens, Interests, Encumbrances and Claims – Mathena Wetlands, LLC [Dkt.## 148, 77] (the "<u>Motion</u>"), and states as follows:

1.  On or about June 18, 2004, Claiborne Frazier ("<u>Claiborne</u>") and Austin Frazier ("<u>Austin</u>") granted to Travelers a security interest in "all general intangibles . . . wherever located, whether now owned or hereafter acquired . . . ."  See ¶ 12 of the Agreement, attached as Exhibit "A" to Dkt. ## 150, 79.

2.  Pursuant to Mississippi's Uniform Commercial Code, Miss. Code Ann. § 75-9-102 (42), a "'[g]eneral intangible' means any personal property, including things in action, other than accounts, chattel paper, commercial tort claims, deposit accounts, documents, goods, instruments, investment property[1], letter-of-credit rights, letters of credit, money, and oil, gas, or other minerals before extraction. The term includes payment intangibles and software."

---

[1] "'Investment property' means a security . . . ." Miss. Code Ann. § 75-9-102 (49). However, "[a]n interest in a . . . limited liability company is not a security unless it is dealt in or traded on securities exchanges or in securities markets, its terms expressly provide that it is a security governed by this

3.	Courts uniformly hold that a debtor's ownership interest in a limited liability company constitutes a "general intangible".  See, e.g., In re Williams, 167 B.R. 77, 81 (Bkrtcy.N.D.Miss. 1994) ("Unless a stock certificate is issued evidencing a member's interest in a cooperative, such interest is in the nature of a general intangible. It has similarly been held that where stock certificates reflecting equity interests in corporations have not been issued, such interests are in the nature of general intangibles.") (internal citations omitted); In re Weiss, 376 B.R. 867, 877 (Bkrtcy.N.D.Ill. 2007) ("[A] limited liability company [interest] . . . is usually considered a "general intangible" under Article 9 of the U.C.C."); In re Dreiling, 2007 W L 172364, 2-3  (Bkrtcy.W.D.Mo. 2007) ("Generally, a limited liability company interest that is not a security under § 8-103(c) or held in a securities account is a "general intangible."); See also James D. Prendergast & Keith Pearson, *How to Perfect Equity Collateral Under Article 8,* 20 No. 6 Prac. Real Est. Law. 33, 35 (Nov. 2004) ("Generally, an equity interest in a limited liability company . . . is a general intangible and not a security for purposes of Article 8 or investment property for purposes of Article 9."); Joseph B.C. Kluttz, David Line Batty & V. Nicole Nichols, *How to be Secure When Your Collateral is a Security: A guide to the Creation and Perfection of Security Interests in Investment Property under the 1994 Revisions to the Uniform Commercial Code,* 4 N.C. Banking Inst. 183 n. 9 (April 2000) (the general rule is that ownership interests in limited liability companies are general intangibles).

4.	Accordingly, Claiborne's and Austin's ownership interest in Mathena Wetlands, LLC constitutes a "general intangible" under Mississippi law.

---

chapter, or it is an investment company security.  Id. at 75-8-108(c).  Austin's and Claiborne's ownership interest in Mathena Wetlands does not constitute "investment property" as it does not fall within the definition of "investment property" under Miss. Code Ann. § 75-9-102 (49) or -108(c).

2

5. On October 3, 2007, Travelers duly perfected its security interest in Claiborne's and Austin's ownership interest in Mathena Wetlands by filing its UCC-1 with the Mississippi Secretary of State, copies of which are attached as Exhibit "B" to Dkt. ## 150, 79.

6. The Hines' Judgment against Claiborne and BancorpSouth Bank's Judgment against Claiborne and Austin does not establish a lien on their ownership interest in Mathena Wetlands. See, e.g., U.S. v. Butera, 2006 WL 2632384, 4 (S.D.Miss. 2006) ("A judgment lien only attaches to real property and tangible personal property of the defendant, and it **does not attach to intangible property upon enrollment**.") (emphasis added) (citing Simmons v. Thomas, 827 F.Supp. 397, 401 (S.D. Miss. 1993); Simmons-Belk, Inc. v. May, 283 So. 2d 592 (Miss. 1973); Grenada Bank v. Wiley, 694 F.2d 85, 87 (5th Cir. 1982); Greenville Riverboat, LLC v. Less, Getz and Lipman, P.L.L.C., 131 F.Supp.2d 842, 846 (S.D. Miss. 2000)). See also William Iselin and Co., Inc. v. Delta Auction and Real Estate Co., 433 So. 2d 911, 915 (Miss. 1983) ("[N]otwithstanding the broad statutory language, our decisions have excepted intangible property . . . from being subject to a judgment lien without garnishment or other appropriate writ.").

7. To the extent that the Hines' Charging Order on Claiborne's ownership interest in Mathena Wetlands constitutes a lien, it is subordinate to Travelers' lien because the Charging Order was not issued until April 8, 2008.

8. To the extent that BancorpSouth Bank's Charging Order on Claiborne's and Austin's ownership interest in Mathena Wetlands constitutes a lien, it is likewise subordinate to Travelers' lien because the Charging Order was not issued until May 22, 2008.

9. To the extent that Claiborne transferred to Amy Frazier any interest in Mathena Wetlands on the eve of his bankruptcy, the putative transfer was subject to Traveler's security

3

interest in the same.  Moreover, Amy Frazier's claim to Claiborne's ownership interest in Mathena Wetlands is a textbook fraudulent conveyance.

WHEREFORE, PREMISES CONSIDERED, Travelers Casualty and Surety Company of America respectfully requests that this Court enter an Order approving the sale of Austin Frazier's and Claiborne Frazier's ownership interest in Mathena Wetlands, LLC, confirming that it has a first lien superior to all other claims and liens, and directing payment of the net proceeds to Travelers.  Travelers respectfully requests such other and further relief that it may be entitled under the premises.

THIS the 21st day of December, 2009.

Respectfully submitted,

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

By: */s/ Paul M. Ellis*
John A. Crawford, Jr. (MB No. 10346)
Paul M. Ellis (MB No. 102259)
ITS ATTORNEYS

OF COUNSEL:
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
1020 Highland Colony Parkway, Suite 1400
Post Office Box 6010
Ridgeland, Mississippi  39158-6010
(T) (601) 948-4511
(F) (601) 985-4500
(E) jack.crawford@butlersnow.com
(E) paul.ellis@butlersnow.com

**CERTIFICATE OF SERVICE**

I, Paul M. Ellis, one of the attorneys for Travelers Casualty and Surety Company of America, do hereby certify that I have this date served, via United States Mail, postage pre-paid, a true and correct copy of the above document to the following to the following:

R. Michael Bolen, United States Trustee
100 West Capitol Street, Suite 706
Jackson, MS 39269

Derek A. Henderson, Chapter 7 Trustee
111 East Capitol Street, Suite 455
Jackson, MS 39201

Eileen N. Shaffer
P.O. Box 1177
Jackson, MS 39215-1177

Donald McGraw
Montgomery, McGraw & Collins
P.O. Box 1039
Canton, MS 39046-1039

James L. Martin
P.O. Box 2703
Madison, MS 39130

Shelby K. Brantly, Jr., M.D.
916 Montrose Drive
Ridgeland, MS 39157

Larry W. Edwards
P.O. Box 2308
Ridgeland, MS 39158

R. Douglas Hudgins, Jr.
c/o Capital Copy and Imaging
AmSouth Plaza Building
210 E. Capitol Street
Jackson, MS 39201

I further certify that I have on this date electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notice of such filing to the following:

    Rob Curtis, Esq.
    robcattorney1@bellsouth.net
    Attorney for Harris Claiborne Frazier

    Robert Gambrell, Esq.
    rgnd@gulfcoastlawyer.com
    Attorney for Austin W. Frazier

THIS the 21st day of December, 2009.

                                                        /s/ Paul M. Ellis
                                                        Paul M. Ellis

Jackson 4689004v1